J. Stephen Peek, Esq.
Nevada Bar No. 1758
Leslie M. Nino, Esq.
Nevada Bar No. 11672
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
702-669-4600
702-669-4650 – fax
speek@hollandhart.com
lmnino@hollandhart.com

Brett L. Foster, Esq. *(pro hac pending)*
Richard T. Jackson, Esq. *(pro hac pending)*
Holland & Hart LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
801-799-5800
801-799-5700 – fax
blfoster@hollandhart.com
rtjackson@hollandhart.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CYBERGUN S.A., a French Corporation, | CASE NO. |
| Plaintiff, | *Jury Demanded* |
| v. | **COMPLAINT** |
| JAG PRECISION, INC., a California Corporation, | |
| Defendant. | |

Plaintiff Cybergun S.A. ("Cybergun"), by and through its attorneys, Holland and Hart, LLP, and for its Complaint against Defendant Jag Precision, Inc. ("Jag"), states and alleges as follows:

## PRELIMINARY STATEMENT

Cybergun and FN Herstal, S.A. ("FNH") are plaintiffs to a lawsuit filed in the District of Nevada against Jag in January 2012. *See Cybergun S.A. et al. v. Jag Precision, Inc.*, Case No. 2:12-cv-00074-GWF ("the Earlier Case"). This lawsuit arises from Jag's conduct pertaining to the

5476646_1

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

1  Earlier Case and the claims presented herein would be appropriate for amendment thereto.  Due to
2  the exigencies involved, however, Plaintiff Cybergun files the present case in order to seek
3  immediate relief from the acts described herein.  Plaintiff will seek consolidation of this case with
4  the Earlier Case once the Court has heard Cybergun's request for preliminary injunctive relief.

5                                              **PARTIES**

6        1.      Plaintiff Cybergun is a French corporation organized and existing under the laws of
7  Belgium with its principal place of business in Belgium.

8        2.      Defendant Jag, on information and belief, is a California corporation conducting
9  business in Nevada, with its principal place of business at 2223 Troy Avenue, South El Monte,
10 California 91733.

11                                  **JURISDICTION AND VENUE**

12       3.      This Court has jurisdiction over the factually-related state law claims in this dispute
13 pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy presented in the
14 Earlier Case.  This Court has subject matter jurisdiction over the Earlier Case pursuant to § 39 of
15 the Lanham Act (15 U.S.C. § 1121), as it arises under § 43 of the Lanham Act.

16       4.      This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. §
17 1332, as it is between citizens of a foreign state and a citizen of California, and the matter in
18 controversy exceeds the sum or value of $75,000.00.

19       5.      This Court has personal jurisdiction over Jag because Defendant's misconduct
20 giving rise to this lawsuit occurred, on information and belief, in the District of Nevada.  The
21 misconduct giving rise to this lawsuit relates directly to the Earlier Case being heard in the District
22 of Nevada.  Jag has purposely availed itself of the benefits of conducting business in the District of
23 Nevada, and has asserted counterclaims in this District in the Earlier Case, and is therefore subject
24 to the jurisdiction of this Court.

25       6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) as the conduct
26 giving rise to this lawsuit relates to the Earlier Case being heard in the District of Nevada and on
27 information and belief, occurred in the District of Nevada.

28 ///

5476646_1

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

**GENERAL ALLEGATIONS**

7.     For many years, FNH has successfully marketed, manufactured and sold high quality firearms and firearm products to the consuming public and to law enforcement and military customers.

8.     In June 2010, FNH entered into a license agreement whereby Plaintiff Cybergun became the exclusive licensee to weapons manufactured by FNH in the area of air soft guns. Pursuant to the license agreement, Cybergun is given authority by FNH to prosecute infringement claims against third parties on behalf of or in conjunction with FNH.  Since acquiring the rights to do so, Plaintiff Cybergun has marketed and sold various air soft guns to the consuming public.

9.     To distinguish it from competitors, the guns marketed and sold by FNH and Cybergun are uniquely configured.  FNH and Plaintiff Cybergun have enjoyed considerable success in marketing their guns cloaked with their distinctive trade dress.

10.     Through considerable investment, advertising, marketing and sales, the public has come to know and associate Cybergun and FNH as the sole source of certain high quality, distinctive guns.

11.     Recently, Defendant Jag presented and advertised air soft gun products which are slavish copies of certain guns marketed and sold Cybergun and FNH.

12.     Defendant's copying of Plaintiffs' trade dress and design is an attempt to trade off the goodwill that Plaintiffs have established over years of manufacturing, selling, and licensing its distinctive trade dress.

13.     By offering the accused airsoft guns for sale, Defendant infringes Cybergun and FNH's trade dress rights.  The trade dress of Jag's knockoff products—the total product and overall impression of the product, its size, shape, configuration, and design—is likely to cause confusion in the marketplace with Plaintiffs' trade dress as to the source, origin, or sponsorship of the relevant products.

14.     Jag also, without authority, has used the trademarks of FNH and Plaintiff Cybergun to market and sell air soft guns, and also in the source code of its website at www.jagprecision.com.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5476646_1

1    15.    The actions of Jag, among other things, demonstrate a violation of trademark laws,
2    amounting to unfair competition and deceptive trade practices.  These actions have resulted in, or
3    will result in, a substantial diversion of trade from Plaintiff Cybergun to Jag and further exacerbate
4    consumer confusion.

5    16.    The natural, probable, and foreseeable result of Jag's wrongful conduct will deprive
6    Cybergun of the commercial benefits of Plaintiffs' trade dress and design, will deprive Cybergun
7    of other business opportunities, will deprive Plaintiffs of goodwill, and will injure Plaintiffs'
8    relations with present and prospective customers.

9    17.    To protect their intellectual property, FNH and Plaintiff Cybergun filed the Earlier
10   Case and pursued immediate injunctive relief with respect to Jag's knockoff of the SCAR firearm.
11   The Court issued a preliminary injunction with respect to the SCAR.

12   18.    In conjunction with filing the Earlier Case, FNH and Cybergun learned of
13   additional knockoffs marketed and sold by Jag.  FNH and Cybergun them promptly amended their
14   complaint and filed for additional preliminary injunctive relief, pending before the Court in the
15   Earlier Case.

16   19.    Now, only weeks into the Earlier Case, Cybergun has learned that Jag, through its
17   CEO David En, sent the following email communication to various individuals in the industry,
18   including dealers who purchase from both Jag and Cybergun:

19            From: david@jagprecision.com
             Subject: Greeting to all
20            Date: March 21, 2012 11:13:03 PM EDT

21            Gentlemen,

22            The unfortunate lawsuit by the Cybergun Corporation against my
             company presents a unique opportunity to rid the marketplace of
23            monopolistic practices regarding the obtaining of licenses for U.S.
             Government weapons once and for all.
24
             To that end we have enlisted the help of National Small Arms
25            Technology Consortium members and Federal Contracting
             Specialists who all agree that the licensing of U.S. government
26            property without the express permission of the government would be
             contractually invalid, in restraint of trade and potentially a criminal
27            activity.  Would selling the Brooklyn Bridge be a crime?

28

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5476646_1

Answer: "Yes". Why? Because the seller or his agent does not own the property and to represent that he does constitutes fraud.

Cybergun is a publicly held company and their main asset is the extensive licensing portfolio that they possess, primarily featuring weapons such as the M-4, M-240, M-249 and P-90. It is unlikely that the Cybergun Corporation will withstand the loss of the majority of their licensing portfolio which encompasses the vast majority of their sales...particularly if they are forced to compete on a level playing field against smaller, more agile competitors. If I were an investor under those circumstances, I would cut my losses and liquidate.

We plan to assert that ALL U.S. purchases from the grantor contractors include UNLIMITED RIGHTS which are public property based on the Defense Federal Acquisition Rules (DFARS). For example, the following sections state "Data Rights" that include all ways in which AirSoft replica weapons resemble their actual models.

C.3.1.10.5. Data Rights

Government rights in data are specified in the Defense Federal Acquisition Regulation Supplement (DFARS) paragraphs 252-227-7012 through 252-227-7014. The contractor shall provide unlimited rights for data related to form, fit, function, installation, operation and maintenance (FFFIOMT) as defined in Title 10 USC 2320 and TMs specifically prepared for this statement of work / contract.

And that is only one of more than 20 different contract clauses or requirements which indicate that the U.S. government, and therefore the people, are the owners of the name, look, form, fit and function of every weapon they buy...because all weapons are named, tested, modified or improved and then specifically marked for federal use using taxpayer funds. If the people paid for it, we own it...both for war emergency purposes and to prevent unscrupulous contractors from exploiting a public resource.

It is also likely that once they perceive that they are losing everything, they will attempt to settle with JAG under a confidentiality agreement, which would affect our company alone...we would offer you the chance to participate in our case and share in the benefits of free use of all U.S. typed weapons. The fact that they have already offered a settlement is particularly interesting...you only do that if you think there is a chance you are going to lose in court...

Join the winning team and receive a copy of any confidential settlement or sealed judgment!

Please feel free to contact me at any time,

David En,

CEO, JAG Precision Airsoft

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5476646_1

1   20.   Mr. En's communication contains various false statements. First, the statement that
2   Cybergun's license to the trade dress in firearms is a "monopolistic practice" is false. Second, the
3   statement that Cybergun's actions to obtain licenses to intellectual property rights in firearm
4   designs for U.S. Government weapons, or that sales made pursuant to those licenses, constitute
5   fraudulent or criminal behavior is false. Third, the statement that the U.S. Government's use of
6   certain weaponry somehow bars Cybergun's claims is false. Fourth, the idea that Cybergun is
7   losing the Earlier Case or will be losing everything based on Jag's litigation strategy is false. Fifth,
8   the concept that any settlement between Jag and Cybergun could allow a third party to "share in
9   the benefits of free use of all U.S. typed weapons" without Cybergun's approval is false. Sixth, the
10   statement that Cybergun's offering of a settlement is an admission that Cybergun thinks it is going
11   to lose in court is false. (These statements are collectively referred to as the "False Statements".)

12   21.   Jag's False Statements, made to various third parties including Cybergun's
13   customers, directly interfere Cybergun's business, part of which is licensing famous firearms from
14   various manufacturers, including firearms that have been used by the U.S. Government. In making
15   these False Statements, Jag acted with malice, with the intent to cause harm to Cybergun's
16   pecuniary interests and/or knowing that the statements are false or with reckless disregard as to
17   their truth.

18   22.   Jag was not privileged to make any of the False Statements.

19   23.   As a direct and proximate result of Jag's False Statements, Cybergun has suffered
20   or will suffer damages which Cybergun is entitled to recover from Jag.

21   24.   Because Jag's conduct was willful, fraudulent, malicious and intentional, and
22   designed to gain additional unwarranted benefit from their interference, Cybergun is entitled to an
23   award of punitive and exemplary damages.

24   25.   It has been necessary for Cybergun to retain the services of an attorney to prosecute
25   this action, and Cybergun is entitled to an award of reasonable attorneys' fees and costs in
26   connection therewith.

27   26.   Cybergun has no adequate remedy at law to redress all of the injuries Jag has
28   caused, and intended to cause, by its conduct. Cybergun will continue to suffer irreparable injury

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5476646_1

1  and sustain lost profits unless Jag's actions, as alleged above, are enjoined by this Court and a
2  retraction is ordered.

### FIRST CAUSE OF ACTION

### (DEFAMATION PER SE)

5  27.    Cybergun hereby incorporates all of the foregoing allegations as if set forth in full
6  herein.

7  28.    Jag made false and defamatory statements of fact concerning Cybergun.

8  29.    Specifically, Jag falsely and disparagingly stated that (1) Cybergun's license to the
9  trade dress in certain firearms is a "monopolistic practice;" (2) that Cybergun's actions to obtain
10 licenses to intellectual property rights in firearm designs for U.S. Government weapons, or that
11 sales made pursuant to those licenses, constitute criminal behavior; (3) that the U.S. Government's
12 use of certain weaponry somehow bars Cybergun's claims; (4) that Cybergun is losing in litigation
13 or will be "losing everything" based on Jag's litigation strategy; (5) that any settlement between
14 Jag and Cybergun could allow a third party to "share in the benefits of free use of all U.S. typed
15 weapons" without Cybergun's approval; and (6) that Cybergun's offering of a settlement is an
16 admission that Cybergun thinks it is going to lose in court (the "False Statements").

17 30.    Jag's unprivileged False Statements were made to third parties, including
18 Cybergun's customers, via an email from Jag's CEO, David En.

19 31.    Jag intentionally, recklessly, and or negligently made these False Statements.

20 32.    The foregoing False Statements made by Jag constitute defamation per se, as they
21 pertain to Cybergun's fitness for its trade, business, or profession.

22 33.    Specifically, the False Statements made by Jag indicate that Cybergun commits
23 criminal acts, appropriates government property for itself, files frivolous lawsuits to impose
24 unwarranted monopolies on that property, and that Cybergun knows that its current lawsuit against
25 Jag is frivolous.

26 34.    Jag's conduct resulted in actual and presumed damages to Cybergun in an amount
27 to be proven at trial, but in an amount of not less than $75,000.00.

28 35.    It has been necessary for Cybergun to retain the services of an attorney to prosecute

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5476646_1

1   this action, and Cybergun is entitled to an award of reasonable attorneys' fees and costs in
2   connection therewith.

### SECOND CAUSE OF ACTION

#### (BUSINESS DISPARAGEMENT)

5   36.     Cybergun hereby incorporates all of the foregoing allegations as if set forth in full
6   herein.

7   37.     Jag made false and defamatory statements of fact concerning Cybergun.

8   38.     Specifically, Jag falsely and disparagingly stated that (1) Cybergun's license to the
9   trade dress in certain firearms is a "monopolistic practice;" (2) that Cybergun's actions to obtain
10  licenses to intellectual property rights in firearm designs for U.S. Government weapons, or that
11  sales made pursuant to those licenses, constitute criminal behavior; (3) that the U.S. Government's
12  use of certain weaponry somehow bars Cybergun's claims; (4) that Cybergun is losing in litigation
13  or will be "losing everything" based on Jag's litigation strategy; (5) that any settlement between
14  Jag and Cybergun could allow a third party to "share in the benefits of free use of all U.S. typed
15  weapons" without Cybergun's approval; and (6) that Cybergun's offering of a settlement is an
16  admission that Cybergun thinks it is going to lose in court (the "False Statements").

17  39.     Jag's False Statements, made to various third parties including Cybergun's
18  customers via an email sent by Jag CEO David En, directly interfere Cybergun's business, part of
19  which is licensing famous firearms from various manufacturers, including firearms that have been
20  used by the U.S. Government. In making these False Statements, Jag acted with malice, with the
21  intent to cause harm to Cybergun's pecuniary interests and/or knowing that the statements are false
22  or with reckless disregard as to their truth.

23  40.     Jag was not privileged to make any of the False Statements set forth above.

24  41.     As a direct and proximate result of Jag's False Statements, Cybergun has suffered
25  or will suffer damages in excess of $75,000.00. Cybergun is entitled to recover such damages
26  from Jag.

27  42.     Plaintiffs have no adequate remedy at law, have suffered and continue to suffer
28  irreparable harm as a result of Jag's acts, and are therefore entitled to a preliminary and permanent

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5476646_1

1 injunction to enjoin Jag's wrongful conduct.

## THIRD CAUSE OF ACTION

### (DECEPTIVE TRADE PRACTICES)

43. Cybergun hereby incorporates all of the foregoing allegations as if set forth in full herein.

44. NRS 41.600(1) provides that "[a]n action may be brought by any person who is a victim of consumer fraud."

45. Section 41.600(2) then states that "[a]s used in this section, 'consumer fraud' means: . . . (e) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive."

46. NRS 598.0915(8) states that "[a] person engages in a 'deceptive trade practice' if, in the course of his or her business or occupation, he or she . . . [d]isparages the goods, services or business of another person by false or misleading representation of fact."

47. Jag made false and defamatory statements of fact concerning Cybergun.

48. Specifically, Jag falsely stated that (1) Cybergun's license to the trade dress in certain firearms is a "monopolistic practice;" (2) that Cybergun's actions to obtain licenses to intellectual property rights in firearm designs for U.S. Government weapons, or that sales made pursuant to those licenses, constitute criminal behavior; (3) that the U.S. Government's use of certain weaponry somehow bars Cybergun's claims; (4) that Cybergun is losing in litigation will be "losing everything" based on Jag's litigation strategy; (5) that any settlement between Jag and Cybergun could allow a third party to "share in the benefits of free use of all U.S. typed weapons" without Cybergun's approval; and (6) that Cybergun's offering of a settlement is an admission that Cybergun thinks it is going to lose in court (the "False Statements").

49. As result of Jag's violations of NRS 598.0915(8), Cybergun is a victim of consumer fraud under NRS 41.600 and has suffered damages in an amount to be determined at trial, but in no event in an amount less than $75,000.00.

50. Jag's violations of NRS 41.600 and NRS 598.0915(8) entitle Cybergun to compensatory damages and statutory relief, including, but not limited to, treble damages and reasonable attorneys' fees and costs.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

Page 9 of 12

5476646_1

1   51.   It has been necessary for Cybergun to retain the services of an attorney to prosecute
2   this action, and Cybergun is entitled to an award of reasonable attorneys' fees and costs in
3   connection therewith.

4                                      **FOURTH CAUSE OF ACTION**

5                  **(INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS)**

6   52.   Cybergun hereby incorporates all of the foregoing allegations as if set forth in full
7   herein.

8   53.   Cybergun has valuable business relationships, including some not evidenced by
9   contracts, with customers who have purchased products from Cybergun.

10   54.   Jag had knowledge of Cybergun's advantageous business relationships with these
11   customers.

12   55.   Jag intentionally, maliciously and without justification interfered with Cybergun's
13   advantageous relationships.   Indeed, the very purpose of Jag's conduct was to undermine and
14   destroy Cybergun's relationships with all of its existing and prospective customers.

15   56.   Jag tortiously interfered with Cybergun's advantageous business relationships by
16   making improper, malicious, and false accusations about Cybergun and its business practices and
17   litigation posture.

18   57.   Jag's conduct was unprivileged, improper and malicious.

19   58.   Jag's conduct was intended to and, on information and belief, did severely and
20   irreparably interfere with Cybergun's advantageous business relationships with Nevada customers.

21   59.   As a direct and proximate result of Jag's conduct, Cybergun has suffered damages
22   in excess of $75,000.00.  Cybergun is entitled to recover such damages from Jag.

23   60.   Because Jag's interference was willful, fraudulent, malicious and intentional, and
24   designed to gain additional unwarranted benefit from their interference, Cybergun is entitled to an
25   award of punitive and exemplary damages in excess of $75,000.00.

26   61.   It has been necessary for Cybergun to retain the services of an attorney to prosecute
27   this action, and Cybergun is entitled to an award of reasonable attorneys' fees and costs in
28   connection therewith.

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

5476646_1

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

**JURY DEMAND**

Plaintiff Cybergun hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and Nevada Constitutions, statutes and laws.

**PRAYER FOR RELIEF**

WHEREFORE, Cybergun prays that this Court:

1.      Temporarily restrain, and preliminarily and permanently enjoin and restrain Jag, its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with it from making and/or publishing, to any third-party, false, negative or disparaging statements referring in any way to Cybergun or its business;

2.      Direct that Jag retract the communication referenced herein, as well as any other communications it has made that contain false and/or disparaging statements;

3.      Direct that Jag pay Plaintiffs such damages as it has sustained as a consequence of Jag's wrongful conduct complained of in this Complaint;

4.      Direct that Jag be required to pay Plaintiffs treble damages and/or an award of punitive damages for Jag's deliberate and willful misconduct;

5.      Direct that Jag pay Plaintiffs' costs of this action, together with reasonable attorneys' fees consistent with the Nevada Deceptive Trade Practices Act;

///
///
///
///
///
///
///
///
///
///

5476646_1

6.    Direct that Jag pay prejudgment and post-judgment interest until the judgment is paid in full; and

7.    Award Cybergun such further relief as the Court may deem just and proper.

DATED March 29, 2012.

J. Stephen Peek, Esq.
Leslie M. Nino, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

Brett L. Foster, Esq. *(pro hac pending)*
Richard T. Jackson, Esq. *(pro hac pending)*
Holland & Hart LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101

*Attorneys for Plaintiffs*

5476646_1